**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina N. Hoover, ) | No. CV 11-00845-PHX-FJM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Eric Shinseki, Secretary, Department of ) Veterans Affairs, ) | |
| )  Defendant. ) ) | |

We have before us defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 10), plaintiff's response (doc. 14), and defendant's tardy reply (doc. 15).

**I**

Plaintiff works as a nurse practitioner for the Department of Veterans Affairs' Casa Grande Clinic. Beginning in October 2009, she reported a co-worker's alleged sexual harassment to upper management and participated as a witness against him in an internal investigation. As a result, her first and second line supervisors allegedly began retaliating against plaintiff for her involvement.

On August 12, 2010, plaintiff filed a formal complaint of discrimination with the Office of Resolution Management ("ORM") at the Department of Veterans Affairs ("VA"). The ORM dismissed some of her claims due to plaintiff's prior election of the union grievance procedure. The agency accepted for further processing claims of discrimination

for receiving a written counseling and hostile work environment harassment, both based on sex, age, and/or reprisal for prior EEO activity. (Doc. 10, ex. 3 at 8). On January 30, 2011, plaintiff was informed in writing that she had the right to request a hearing with the EEOC, file a civil action, or await the final agency decision. Plaintiff filed this action on April 27, 2011. The agency dismissed her administrative complaint on June 9, 2011 due to the pendency of this action. Plaintiff alleges a single cause of action for retaliation under Title VII of the Civil Rights Act of 1964. Defendant claims plaintiff did not file an administrative complaint for retaliation, and that we lack subject matter jurisdiction over unexhausted claims.

## II

The United States continues to ignore the Supreme Court's clear mandate to be precise when using the term "jurisdiction." "In a series of recent cases, the Supreme Court has addressed courts' misapplication of the label 'jurisdiction' to what are actually merits-based dismissals for failure to state a claim." Dunlap v. United States, No. CV 11-01360-PHX-FJM, 2012 WL 510532, at *2 (D. Ariz. Feb. 16, 2012). "[T]he term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." Reed Elsevier, Inc. v. Muchnick, __ U.S. __, 130 S. Ct. 1237, 1243 (2010). To determine whether a statutory prerequisite is truly jurisdictional, we apply the "readily administrable bright line" rule of Arbaugh v. Y&H Corp., 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006). A rule is jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." Id. at 515, 126 S. Ct. at 1245. The Supreme Court counsels us to focus on the legal character of the limitation, which is "discerned by looking to the condition's text, context, and relevant historical treatment." Reed Elsevier, 130 S. Ct. at 1246; see Henderson ex rel. Henderson v. Shinseki, __ U.S. __, 131 S. Ct. 1197, 1204-05 (2011).

Before a plaintiff may bring a Title VII claim in district court, she must first exhaust her administrative remedies. 42 U.S.C. § 2000e-16(c); B.K.B. v. Maui Police Dep't, 276

1    F.3d 1091, 1099 (9th Cir. 2002).  The purpose of Title VII is "to provide an opportunity to
2    reach a voluntary settlement of an employment discrimination dispute," and exhaustion
3    furthers this goal.  Blank v. Donovan, 780 F.2d 808, 809 (9th Cir. 1986).  This requirement
4    also "serves the important purposes of giving the charged party notice of the claim and
5    narrowing the issues for prompt adjudication and decision."   B.K.B., 276 F.3d at 1099
6    (brackets and quotation marks omitted).

7    A federal employee claiming employment discrimination must seek relief from the
8    allegedly discriminating agency before bringing an action in federal court.  The employee
9    must notify an EEO counselor at the agency within 45 days of the alleged discriminatory
10   conduct.  29 C.F.R. § 1614.105(a).  If the matter is not resolved, the employee may then file
11   a formal administrative complaint with the agency.  29 C.F.R. § 1614.106; Sommatino v.
12   United States, 255 F.3d 704, 708 (9th Cir. 2001).  This charge must "describe generally the
13   action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c).  The
14   employee may appeal to the EEOC or file a civil action within 90 days of an unfavorable
15   agency decision or after 180 days from the filing of the initial charge if the agency fails to
16   take final action.  42 U.S.C. § 2000e-16(c).  After an EEOC appeal is filed, the employee
17   may file a civil action within 90 days of the EEOC's final decision or after 180 days from the
18   filing of the appeal if no decision has been issued.  Id.; 29 C.F.R. § 1614.407.  While the
19   statutory language sets out detailed procedures that must be followed before filing a court
20   action, the statute does not condition our jurisdiction on proper exhaustion of administrative
21   remedies.

22   In addition, Congress enacted a jurisdictional provision specifically for Title VII,
23   granting jurisdiction to district courts "of actions brought under" Title VII.  42 U.S.C. §
24   2000e-5(f)(3).  This statute does not contain any reference to exhaustion.  Neither text nor
25   context indicate that exhaustion of administrative remedies is jurisdictional.

26   "Subject matter jurisdiction relates to the power of a court to hear the class of claims
27   to which the claim belongs and is not defeated just because the claim is barred by a defense."
28   Dunlap, 2012 WL 510532, at *5.  Exhaustion is typically a defense, not a jurisdictional

1 limitation. In <u>Jones v. Bock</u>, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007), the Supreme
2 Court held that the exhaustion provision in the Prison Litigation Reform Act is not
3 jurisdictional, but an affirmative defense. <u>See also</u> <u>Reed Elsevier</u>, 130 S. Ct. at 1246-47
4 ("We similarly have treated as nonjurisdictional other types of threshold requirements that
5 claimants must complete, or exhaust, before filing a lawsuit."); <u>Day v. McDonough</u>, 547 U.S.
6 198, 205, 126 S. Ct. 1675, 1681 (2006) (describing exhaustion of state remedies as a
7 nonjurisdictional threshold barrier to habeas review). While failure to exhaust may bar a
8 claim, it plainly is not jurisdictional. We have jurisdiction. We turn next to exhaustion.

**III**

10 "EEOC charges must be construed with utmost liberality since they are made by those
11 unschooled in the technicalities of formal pleading." <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1458
12 (9th Cir. 1990) (quoting <u>Chung v. Pomona Valley Cmty. Hosp.</u>, 667 F.2d 788, 790 (9th Cir.
13 1982)). Therefore, we may consider as exhausted "any charges of discrimination that are
14 'like or reasonably related to' the allegations made before the EEOC, as well as charges that
15 are within the scope of an EEOC investigation that reasonably could be expected to grow out
16 of the allegations." <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003). "The EEOC's
17 failure to address a claim asserted by the plaintiff in her charge has no bearing on whether
18 the plaintiff has exhausted her administrative remedies with regard to that claim." <u>B.K.B.</u>,
19 276 F.3d at 1099. When determining whether an allegation not specified in the charge is
20 exhausted, we consider factors such as "the alleged basis of the discrimination, dates of
21 discriminatory acts specified within the charge, perpetrators of discrimination named in the
22 charge, and any locations at which discrimination is alleged to have occurred." <u>Id.</u> at 1100.

23 Defendant contends that a difference exists between "a hostile work environment
24 claim for which a base is retaliation . . . [and] a straight retaliation claim," and that plaintiff's
25 administrative complaint covered only harassment and hostile work environment claims.
26 (Doc. 10 at 7). But plaintiff's claim of retaliation was obviously within the scope of an
27 investigation that reasonably could be expected to grow out of her allegations.

28 Plaintiff's complaint was entitled "Harassment/Hostile work environment/

- 4 -

1  Discrimination based on age, sex, prior position, and retaliation for my part in a recent
2  administrative board investigation related to alleged sexual harassment by the office
3  manager." (Doc. 10, ex. 2 at 2). She sought an investigation of three co-workers "for
4  retaliatory harassment." (Doc. 10, ex. 2 at 3). Retaliatory actions were mentioned many
5  times in plaintiff's complaint. For instance, after plaintiff received an anonymous card telling
6  her to "get lost" and calling her a derogatory name, she became "concerned with retaliation."
7  (Doc. 10, ex. 2 at 9). Other facts could reasonably be interpreted as alleging retaliatory
8  actions by her supervisors. See Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 645 (9th
9  Cir. 2003) (finding exhaustion because "[w]hile the EEOC charge does not contain the
10 relevant legal theory of retaliation, it does contain the relevant factual allegations.").

11 The partial acceptance letter accepted two claims for further processing: whether
12 plaintiff was discriminated against on the bases of sex, age, and/or reprisal for prior EEO
13 activity when she received a written counseling, and whether she was subjected to hostile
14 work environment harassment on the same bases. The requests for records relating to
15 plaintiff's employment checked the boxes for age, sex, and reprisal as bases of the complaint.
16 The agency's investigation was clearly directed, in part, at finding evidence of retaliation for
17 plaintiff's participation in the sexual harassment investigation of her co-worker.

18 The factors listed in B.K.B. support plaintiff's argument that her claim was exhausted.
19 All acts relating to harassment, hostile work environment, and retaliation occurred between
20 August 2009 and the filing of the administrative complaint in August 2010. The same people
21 are alleged to have committed all actions underlying the harassment and retaliation claims.
22 All actions took place at the VA clinic in Casa Grande. Facts relating to plaintiff's
23 participation in the sexual harassment investigation would necessarily have arisen during the
24 investigation of plaintiff's case. The civil claim for retaliation is reasonably related to
25 allegations in the charge because it is "consistent with the plaintiff's original theory of the
26 case." B.K.B., 276 F.3d at 1100.

27 Plaintiff did not attempt to bypass the administrative process. Her administrative
28 complaint was sufficiently detailed to notify the VA of her allegations and afford it an

1  opportunity to pursue conciliation. Allowing her to proceed does not circumvent Title VII's
2  goal of encouraging voluntary compliance and conciliation. <u>B.K.B.</u>, 276 F.3d at 1099. "The
3  absence of a perfect 'fit' between the administrative charge and the judicial complaint is
4  therefore not fatal to judicial review if the policies of promoting conciliation and avoiding
5  bypass of the administrative process have been served." <u>Ong v. Cleland</u>, 642 F.2d 316, 319
6  (9th Cir. 1981). Because plaintiff's administrative complaint included retaliation, plaintiff
7  exhausted her administrative remedies.

## IV

Accordingly, **IT IS ORDERED DENYING** defendant's motion to dismiss (doc. 10).
DATED this 3rd day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -